WILLIAM C. SEKALY V. STATE

No. 34,252. February 7, 1962

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted in the Criminal District Court of Jefferson County of the offense of bookmaking and his punishment assessed at confinement in the penitentiary for a term of two years.

Trial was at the July-October, 1961, term of the court upon appellant's plea of guilty to the indictment and waiver of a trial by jury.

Judgment was entered on July 7, 1961. On such date imposition of sentence was suspended by the court and appellant was placed upon probation upon certain terms and conditions.

The appeal is from the judgment of conviction resulting in probation being granted, as authorized by Art. 781d, Sec. 8, V.A.C.C.P.

At the trial, appellant testified as a witness in his own behalf

and upon his direct examination testified that he was a book-keeper at the Texas Club in the city of Beaumont and that on December 3, 1960, the date alleged in the indictment, he did take and place a bet in the sum of $2.00 for one F. L. Burleson on a football game.

The state, with the agreement of appellant, introduced in evidence certain testimony given by a witness, C. J. Auten, before the grand jury of Jefferson County and in an injunction proceeding against appellant and also the testimony of one Walter Sekaly which was given at the injunction hearing.

The testimony of the witness Auten reflects that he was an employee of the Department of Public Safety in the Intelligence Section and that during the months of October, November and December, 1960, while working undercover in Beaumont, he made various bets on horse races and football games at the Texas Club. At such time a man was present who had been identified to him as William Sekaly.

The witness Walter Sekaly, in his testimony given at the injunction hearing, testified that on numerous occasions, prior to December 3, 1960, he had seen William Sekaly accept bets on horse races and football games at the Texas Club in Beaumont.

The record contains no formal or informal bills of exception and no brief had been filed on behalf of appellant.

The evidence is sufficient to sustain the conviction and no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.