Ivan WOZENCRAFT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 38050.

Court of Criminal Appeals of Texas.

March 31, 1965.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted in the District Court of Hale County of the offense of burglary and his punishment was assessed at confinement in the penitentiary for three years.

Trial was before the court without a jury, upon appellant's plea of guilty to the indictment.

Judgment was rendered and sentence was pronounced upon appellant by the court on August 30, 1963. On such date, the execution of sentence was ordered suspended and appellant placed on probation upon certain terms and conditions.

Thereafter, on November 29, 1963, an application to revoke the probation was filed in the cause. The application appears to have been granted, but no order revoking the probation is found in the record.

On December 18, 1963, an order was entered in the cause—during the term of court in which appellant was convicted—reciting that appellant

"* * * in open court, duly excepted to the judgment of the Court convicting the Defendant, the order of the Court revoking the probation of the Defendant and the formal sentence given the Defendant by the Court, at the time said sentence was given; and the Defendant gave notice of appeal to the Court of Criminal Appeals of the State of Texas, at Austin, Texas."

Under the record, we shall treat the case as an appeal from the judgment of conviction resulting in probation, as authorized by Art. 781d, Sec. 8, Vernon's Ann.C.C.P., (see: Sekaly v. State, 172 Tex.Cr.R. 44, 353 S.W. 2d 448), and also as an appeal from the court's order revoking probation.

The record contains no statement of facts upon the main trial, and there are no bills of exception.

No reversible error appearing, the judgment of conviction is affirmed.

The trial court, having granted probation, was without authority to revoke it and order the sentence executed without having found that the probationer had violated the conditions thereof.

The order revoking probation is set aside and the sentence will not be carried into execution until such time as the probation granted to appellant has been revoked by the trial court in an order duly entered in the minutes, setting out the findings and conclusions upon which it is made. From the entry of such an order, appellant shall have the right of appeal to this court.

Opinion approved by the court.