Edward Earl JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44727.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. The record reflects that on November 26, 1969, appellant was convicted for the offense of felony theft on his plea of guilty. The punishment was assessed at ten years' imprisonment and appellant was placed on probation; one of the terms and conditions of probation being that he "commit no offense against the laws of this or any other State or the United States."

On April 6, 1970, a Motion to Revoke Probation was filed alleging that the appellant violated the aforementioned term of his probation in that on March 6, 1970, the appellant committed the offense of felony theft.

█ The hearing was held on the motion to revoke on February 4, 1971 and upon completion of the hearing, the court found that appellant had violated the conditions of his probation heretofore granted, and revoked the probation and sentenced appellant to a term of not less than two nor more than ten years in the Texas Department of Corrections. Appellant complains that the " . . . court's order revoking probation is vague, indefinite, and obscure, and is insufficient to discern its meaning and intent." His contention is that the order is insufficient because it does not set forth the court's finding as to the particular way in which appellant violated his probation. In Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969), this Court held that the order was sufficient even though it did not recite the findings and conclusions upon which the trial court acted absent any request for such findings. Here, no request is shown or claimed, and further, there was only one condition alleged to be violated in this cause.

█ Appellant next complains " . . . the evidence is insufficient to sustain a finding or judgment against the defendant of having violated any condition of his probation."

The appellant's probation officer identified appellant as a probationer and the judgment granting his probation was proved with objection expressly waived.

A. C. Davis identified appellant and testified that about 2:30 a. m., on the date in question, he along with Curtis Bough stopped by appellant's house in Davis' mother's car and that the appellant borrowed the car. About 4:00 or 5:00 a. m., he again saw Johnson (appellant), who was then driving a 1966 Corvette which Johnson did not own. Johnson took him to the Katy Freeway to pick up his mother's car. He further testified that he and appellant went to one Jimmy Jordan's house in the Corvette. Virginia Milton testified that her 1966 model yellow Corvette was stolen in Houston on the date alleged and when recovered had been burned. It was worth more than $50 and she did not give appellant or anyone else permission to take it. She testified it was taken from a parking place at her apartment which was located on the Katy Freeway.

Jimmy Jordan testified that he helped appellant take the motor out of a 1966 or 1967 Corvette of the same description that Virginia Milton testified had been stolen from her. He further testified that he learned later that the car was stolen. Ap-

pellant had told Jordan the car belonged to a relative. The motor and other parts of this car were left by appellant in Jordan's garage.

 One of the arresting officers was told by a third party in the appellant's hearing that he saw appellant and three others leave the scene of the burning 1966 model Corvette. The description of the burned car matched the description of the Milton car. The motor number on the burned car matched the motor number on the motor in Jordan's garage. Appellant, being found in unexplained possession of recently stolen property, gives rise to a presumption of the taking. Marin v. State, 374 S.W.2d 227 (Tex.Cr.App.1963); 5 Branch 2d 96, § 2650. Possession by appellant of a part of a stripped car supports a finding that he was the principal in the theft. Anderson v. State, 454 S.W.2d 740 (Tex.Cr.App.1970).

We find no abuse of discretion. The judgment is affirmed.