Janie Gonzales GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45785, 45786.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Patrick D. Burke, of Rigely, Schwartz, Fagan & Burke, Inc., San Antonio (Court-appointed), for appellant.

Ted Butler, Dist. Atty., Arthur Estefan and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals arise out of orders revoking probation.

On April 9, 1970, the appellant entered pleas of guilty before the court to the offenses of unlawful possession of heroin and unlawful possession of narcotic paraphernalia. The punishment was assessed at five years in each case; but the imposition of the sentences was suspended and the appellant placed on probation in each case. Among the conditions of probation imposed were the following requirements:
"    .    .    .

3. Avoid places and persons of harmful or disreputable character, including places where narcotic drugs are pos-

sessed, sold or used and not associate with persons who possess, sell or use narcotic drugs, and not associate with persons of criminal record;

.    .    .    .    .    .

5. Report, in person, to the Adult Probation Officer of Bexar County, Texas, on the 21st day of each month, and when said day of the month falls on a Saturday, Sunday or a legal holiday, they (sic) you will report on the next working day;   .   .   ."

And, the unnumbered condition

"[t]hat defendant apply for treatment of her narcotic addiction under Title III of the United States Narcotic Addict Rehabilitation Act of 1966 and comply with any order issued by the United States District Courts in and for the Western District of Texas to report and accept treatment by any hospital."

On December 21, 1970, motions to revoke the probations granted were filed. The record contained first amended motions to revoke without file marks on any of them. On July 15, 1971, the court, after a hearing, revoked the probations granted.

We shall consider at the outset appellant's contention that the court abused its discretion in failing to state the findings upon which it revoked her probations after proper request was made therefor.

When the revocations were ordered, appellant's counsel requested the court to specify the grounds upon which the revocations were based. The court replied, "Any grounds that the Court of Criminal Appeals deems sufficient." Counsel noted his exception.

Subsequently, on September 8, 1971, the court signed written orders revoking probations, each of which contained the following paragraph:

"And it further appearing that the evidence sustained the violations alleged of conditions of Paragraphs Nos. 3, 5 and 14, in the Motion to Revoke Probation, the same being violations of the conditions of probation:"

Sentences were not imposed until October 28, 1971.

■ A probationer is entitled to know why his probation is being revoked as a matter of due process. Even in parole revocation proceedings which are "not a part of a criminal prosecution," due process requires no less. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972).

■ In Wozencraft v. State, 388 S.W. 2d 426 (Tex.Cr.App.1965), this court held that the trial court was without authority to revoke probation without having found that the probationer had violated the conditions thereof. And, the findings and conclusions upon which the trial court acts should be clearly set forth in the order of revocation. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Wozencraft v. State, supra.

In Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972), it was made clear that better practice requires findings should be made in *every* case.

This court has, on occasion, held that an order revoking probation is not rendered defective, however, for the lack of recitation of findings on which it is based absent any timely request to the trial court for such findings. Tate v. State, 365 S.W.2d 789 (Tex.Cr.App.1963); Hulsey v. State, supra; Johnson v. State, 476 S.W.2d 324 (Tex.Cr.App.1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972).

In the instant cases, the court initially refused to make the findings requested upon revoking probations and only subsequently entered the orders set out above. Are such findings sufficient? The orders refer only to "[p]aragraphs Nos. 3, 5 and 14, in the Motion to Revoke Probation." The record reflects there was a motion to revoke filed on December 21, 1970; a first

amended motion to revoke filed without a file mark, and, subsequently, a second amended motion to revoke probation was filed without a file mark. Until the entry of the order correcting the record was entered on February 10, 1972, it would have been impossible to determine upon which motion the hearing was conducted. Such corrective order reflects the hearing was had upon the "Second Amended Motion to Revoke" in each case. Upon examining the findings in the orders of revocation in light of the relevant motions to revoke probation, it is discovered that there is no paragraph 5 or paragraph 14 in such motions. Further, paragraph 3 thereof does not allege any violation of probation, but is merely the conclusory prayer of the motion. It is only by taking paragraph 2 and considering the four alleged violations contained therein as separate paragraphs that any meaning would be given to the order in reference to "[p]aragraphs Nos. 3, 5 . . . . "

■ These findings are not sufficient to inform a probationer or this court as to which violations of probation were found by the trial court. The other alleged abuses of discretion need not be considered.

The orders revoking probation, and the sentences imposed, are hereby set aside until such time as the probations granted to this appellant have been revoked by the trial court in orders clearly setting out the findings and conclusions upon which they are made. From the entry of such orders, the appellant would have the right of appeal to this court. See Wozencraft v. State, supra.

The judgments are reversed and remanded.

ROBERTS, J., concurs in the result.

ODOM, Judge (dissenting).

The majority holds that the "findings are not sufficient to inform a probationer or this court as to which violations of probation were found by the trial court."

The record reflects that the trial court conducted a hearing on the second amended motion to revoke probation which included the following:

*"Violation of condition number 5:* Defendant failed to report in person, by mail, or by telephone, to the Adult Probation Office for the months of July August, September, October, November, and December, 1970, and January, 1971."

The testimony of Harry Whitehill, an adult probation officer for Bexar County, shows that the appellant did not report in person, by mail or by telephone during "August, September, October, November, December of 1970 and January 1971," and "for the most of July (1970)."

The appellant did not testify nor offer witnesses in her behalf. The record is clear and the evidence is undisputed that the aforesaid condition was violated.

At the conclusion of the hearing the appellant requested the court to specify upon which grounds the probation was revoked. The trial judge declined to announce orally his findings and conclusions; however, he entered a written "Order Revoking Probation" wherein it is stated, in part, " . . . it further appearing that the evidence sustained the violations alleged of conditions of Paragraphs Nos. 3, 5, and 14, in the Motion to Revoke Probation, the same being violations of the conditions of probation." I submit that, in light of the record herein, such "Order Revoking Probation" is sufficient compliance with appellant's request.

I would hold that no abuse of discretion has been shown, and affirm this case.

I dissent.