**Juan LIMON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46803.**

Court of Criminal Appeals of Texas.

May 9, 1973.

Daniel P. Rutherford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Felder, Dick Ryman and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant plead guilty to burglary with intent to commit theft; the punishment, three (3) years, probated upon the condition, among others, that he not violate the law.

Appellant's first nine contentions challenge the sufficiency of the evidence to support the order of revocation.

Wenceslao Alvarado, owner of the Star Night Club in San Antonio, testified that his place of business had been burglarized twice on the night in question. He stated that he locked the premises before leaving the night before the robbery. After the first burglary, in which beer and dried shrimp were stolen, he resecured the place of entry with "sixteen nails". Upon his return to the Club after the 5:00 a. m. burglary he found that some cold beer and beefsticks had been taken and that the cash register had been knocked off the back bar.

San Antonio Police Officer Arnulfo Chavarria testified that while on patrol at 5:00 a. m. on the morning in question, he observed three boys crossing a street, two of them with items in their arms. As he approached the trio, they dropped what they were carrying and began to run. At that point he recognized appellant. He left his police unit, gave chase and apprehended Jimmy Garza, one of the three. He sent out a broadcast describing the other two. Garza had some dried shrimp in his pocket. Chavarria found "a little bit over a case" of beer at the place he had observed the boys drop the items they were carrying. An investigation of the area revealed that the Star Night Club, located one block from where he first saw the boys, had been burglarized.

Officer Alfredo Fuentes testified in response to the police broadcast, he apprehended the appellant, who fit the broadcast description, running about three blocks from the nightclub.

Fingerprint expert Alvin Vaughan testified that he arrived at the Star Night Club on the morning in question following the first break-in and took prints from the outside of the building at the point of entry and from a Muscular Dystrophy coin receptacle inside and from the cash register. He expressed the opinion that the prints were 24 to 48 hours old.

Officer Don Zook testified that he compared the fingerprints taken by Vaughan with the known prints of appellant's companion Garza and found them to have 11 to 17 points of similarity.

We have examined the record and conclude the trial court did not abuse his discretion in revoking probation.

Appellant's last ground of error is that the court erred in failing to enter findings of fact and conclusions of law as requested.

The order revoking probation was entered on May 26.

Appellant was sentenced on July 24.

Notice of completion of the record was mailed to appellant's counsel on October 31.

Request for findings of fact and conclusions of law were filed on November 27.

On the same day a motion for new trial was filed.

An order was entered overruling the motion for new trial on November 30 (no mention was made of the request for findings of fact and conclusions of law).

The record was approved, noting that no objections to the record had been filed, on December 1.

 From the above, it is apparent that we have no showing that the request for findings of fact and conclusions of law was ever called to the trial court's attention.

The error, if any, is not preserved on appeal. Cf. Garcia v. State, Tex.Cr.App., 488 S.W.2d 448.

Finding no reversible error, the judgment is affirmed.