UNITED STATES of America,
Plaintiff-Appellee,

v.

Roberto Hernandez MARTINEZ,
Defendant-Appellant.

No. 80–2055
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 16, 1981.

Frank M. Garza (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

Anna E. Stool, John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Martinez appeals the revocation of his probation after a hearing before the district court. This Court remands the case to the district court.

Appellant pled guilty to the crime of threatening the life of the President of the United States. He was placed upon probation for five years with the special condition that he participate in a mental health program as directed by the United States Probation Office. A later special condition of probation was that appellant reside in a residential community treatment center in Corpus Christi, Texas, for a period not to exceed 120 days, subject to release from the facility at the discretion of the probation office.

A motion to revoke probation was filed, alleging that appellant had violated his probation by not participating in a mental health program as directed by the probation office; by failing to reside in a community treatment center for the 120–day period; and by violating state law concerning the offense of public intoxication, for which he was convicted.

A hearing was conducted and appellant's probation was revoked. He was sentenced to treatment and supervision until discharged by the United States Parole Commission. Appellant contends that the dis-

trict court abused its discretion in revoking appellant's probation. This Court will retain jurisdiction over the case and not resolve the issue of abuse of discretion at this time. This is because the district court failed to meet the minimum requirements of due process for a probation revocation hearing.

In *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), the Supreme Court held that among the minimum requirements due process demands in parole revocation hearings is a "written statement by the factfinders as to the evidence relied on and reasons for revoking parole." The *Morrissey* requirements, including the requirement of a written statement of evidence and reasons, also apply to probation revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 786, 93 S.Ct. 1756, 1759, 1761, 36 L.Ed.2d 656 (1973); *United States v. Tyler*, 605 F.2d 851, 852–53 (5th Cir. 1979). Since due process contemplates that the revocation hearing must comport with principles of fundamental fairness, *United States v. Tyler*, 605 F.2d at 853, pro forma language and routine phrases will not satisfy the *Morrissey* requirement of a written statement, *Lawrence v. Smith*, 451 F.Supp. 179, 189 (W.D. N.Y. 1978).

In this case, the district court did not even make written findings. The order of judgment and commitment only stated that the "defendant has violated the terms of probation ... ." The district court did not state any findings at the hearing other than his opinion that the "situation ... requires some sort of action on the part of the Court .... I think sometimes individuals need protection from themselves ...." Taken broadly, these statements arguably provide the reason for revocation, but do not provide an account of the evidence relied upon. These statements are therefore insufficient to satisfy the minimum requirements demanded by due process. *See Baker v. Wainwright*, 527 F.2d 372, 378 n. 23 (5th Cir. 1976).

This Court accordingly remands this case to the district court and orders that the district court make written findings and conclusions indicating the reasons for revocation and the evidence relied on.[1]

REMANDED.

---

1. We do not hold nor imply that findings and conclusions as dictated into the record and transcribed by the court reporter do not meet the requirement.