**Danny Joe HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0162–CR.**

Court of Appeals of Texas,
Tyler.

Oct. 27, 1983.

Review Dismissed July 18, 1984.

Thomas R. McLeroy, Jr., Center, for appellant.

John Walker, Center, for appellee.

COLLEY, Justice.

This is an appeal from an order revoking probation.

On July 24, 1975, Hill was convicted of the offense of Burglary of a Building on his guilty plea before the court without a jury. Punishment was assessed at six years confinement in the Department of Corrections. Imposition of sentence was suspended, and Hill was placed on probation for a period of six years.

Hill in his sole ground of error argues that the trial court abused its discretion in revoking his probation because the probationary period had expired before his arrest and the date of his revocation hearing and" . . . revocation was based upon the State's motion alleging as grounds for revocation acts occurring after the expiration of the probationary period." We affirm.

On January 29, 1980, the State filed a motion to revoke probation, alleging three violations by Hill of the conditions of his probation. Apparently a hearing was had on such motion on the 26th day of March, 1980. The record discloses that on such date the trial court signed a printed form order styled, "Judgment of Conviction—Plea of Guilty—Jury Waived—Probation." This document by its terms purports to convict Hill of the offense of "burglary and theft [sic]," assessed his punishment at six years confinement in the Department of Corrections, suspends imposition of sentence and places Hill on probation for a period of six years, subject to certain conditions of probation. The document also contains the following order:

"Additional provisions: In accordance with art. 42.12, C.C.P., it the order of the court for above defendants [sic] probation be extended for a period of two years consecutive with his original sentence [sic]."

Construing such document in light of the entire record, we hold that the portions of the document purporting to adjudge Hill guilty of the offense charged against him and assess his punishment were void. However, the remaining provisions of the order in effect continued probation, but modified not only the conditions of his probation in the particulars as shown but as well extended the probationary period for two years. We do observe however, that in the interest of clarity in instances where the probation of a defendant is modified or amended by a trial judge, appropriate recitals should be included in the written order so that the court's action and decision is

clearly recorded. On the 26th day of March, 1980, Hill acknowledged receipt of a copy of this document as evidenced by his signature.

On March 30, 1981, another motion was filed by the State to revoke Hill's probation. On the same date the trial judge signed an order directing Hill to appear instanter. No capias was issued for the arrest of Hill, but the record reflects that the probation officer for Shelby County delivered copies of the motion to revoke and the court's order to Hill. Receipt of such copies on October 12, 1982, was acknowledged by Hill. On October 12, 1982, the State filed an amended motion to revoke probation, alleging four violations by Hill of the conditions of his probation, viz., failure to report to probation officer during certain months of the years 1980, 1981, and 1982; failure to pay probation fees in the total amount of $130; committing the offense of Driving While Intoxicated; and committing the offense of Evading Arrest.

On October 25, 1982, the amended motion to revoke was heard, and Hill's probation was revoked, and he was duly sentenced.

Hill's contention is that the order dated March 26, 1980, purporting to extend his probationary period for two additional years is invalid, and hence his probationary period expired July 24, 1981; and, since the amended motion upon which his probation was revoked was not filed until October 12, 1982, the trial court had no authority to act thereon. Hill reasons in his argument to this court that the trial court had no authority to extend the period of probation fixed by the judgment because such action is not authorized by art. 42.12, Tex.Code of Crim.Proc. We reject this argument. It is true that the judgment should reflect that the defendant received probation, the period of his probation, and the conditions of such probation. Art. 42.01, Tex.Code of Crim.Proc.; *Eastwood v. State*, 538 S.W.2d 107 (Tex.Cr.App.1976); *Pittman v. State*, 546 S.W.2d 623 (Tex.Cr.App.1977). Neither of the cases last cited, which are cited by

Hill, constitutes any authority for the proposition that a trial court has no authority to extend a probationary period. *Ex parte Davis*, 542 S.W.2d 117 (Tex.Cr.App.1976), and the other cases cited by *Hill* are not persuasive on the issue before us.

Section 3 of art. 42.12 authorizes the judges of courts having original jurisdiction of criminal actions to exercise discretion in suspending imposition of sentence where the punishment assessed does not exceed ten years and provides in part as follows: "In all cases where the punishment is assessed by the court, it may fix the period of probation *without regard to the term of punishment assessed....*" Section 8 of such article provides in part: ". . . the court shall cause the defendant to be brought before it for a hearing (on a motion to revoke) . . . and after a hearing without a jury may either continue, modify or revoke *the probation.*" "Probation" is defined in sec. 2 b of art. 42.12 to mean ". . . the release of a convicted defendant by a court under conditions imposed by the court for a *specified period* during which the imposition of sentence is suspended...." (Emphasis added.)

Such sections of art. 42.12 authorize the trial judge to shorten or extend within the permissible limits as set forth in sec. 3, the original probationary period reflected by the judgment granting probation.

Therefore, we hold that the part of the order dated March 26, 1982, above quoted, extending the period of Hill's probation for two years was effective.

Hill's ground of error is overruled, and the judgment of the trial court is affirmed.