**Ralph MALONE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–83–204–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 1984.

E. Stanley Topek, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is taken from an order revoking probation.

On November 16, 1979, appellant pled no contest to a charge of burglary of a habitation with intent to commit rape. Punishment was assessed at eight years confinement, probated. In February, 1981, the state moved to revoke probation, alleging three separate grounds: (1) that appellant had committed rape and two counts of sexual abuse, (2) that appellant had failed to report to his probation officer as directed by the court, and (3) that appellant had failed to pay his supervisory fee as directed by the court. On June 29, 1981, at the conclusion of the hearing on the motion the trial court announced that it found appellant not guilty of the first ground of revocation but found appellant in violation of the terms of his probation and ordered the probation revoked. However, the court did not state any reasons why appellant was in violation of the terms of probation or the reasons for the revocation.

Appellant filed a motion on July 14, 1981, requesting that the trial court specify the grounds on which revocation was predicated. On that same day, the trial court entered the order revoking probation, specifying therein that appellant had violated the terms of his probation in that "he failed to report to the probation officer as directed and failed to pay supervisory fee." The Court of Appeals for the First Supreme Judicial District reversed and remanded for failure of the trial court to set forth more specifically the reasons for revoking probation. In response to that judgment, the trial court reheard the motion on March 21, 1983, and at the conclusion of the hearing announced that appellant's probation was revoked for failure to report to his probation officer on April 17, 1980, November 17, 1980, December 17, 1980 and January 17, 1981 and for failure to pay the probation supervisory fees, and that he was $120.00 in arrears. The order revoking probation stated that appellant's probation was revoked because appellant "failed to report to the probation officer as directed and failed to pay supervisory fees."

Appellant's sole ground of error alleges that the trial court's order fails to set forth the reasons for revoking probation with sufficient specificity. We disagree. An examination of the record reveals that at the March 21, 1983 hearing, the trial court pronounced specifically the grounds for revoking appellant's probation. The written order also states the same two grounds for revocation although it does not state specifically the dates of failure to report or the total arrearage in supervisory fee payments. We hold that on this record the court's order complies with the requirement that it set forth the court's findings

in a manner sufficient to inform a probationer of the conditions of probation the court found were violated. In our opinion it is not necessary on this record for the revocation order to state the specific months he failed to report or pay the supervisory fee or the total amount of arrearage in the supervisory fee payments.

Appellant relies on *Garcia v. State,* 488 S.W.2d 448 (Tex.Crim.App.1972). *Garcia* is distinguishable. The *Garcia* court made no oral findings despite a request for the specific grounds for revocation. Moreover, the written findings in *Garcia* stated that the court was sustaining allegations of probation violations found in three specific paragraphs of the Motion to Revoke Probation. Two of the paragraphs referred to did not even exist and the other did not allege a violation of probation. The judgment in that case was reversed and remanded because the findings were clearly insufficient. No such confusion is present in this case. The trial court in the instant case orally and in writing apprised appellant of the reasons for revocation.

Appellant also cites *Aguilar v. State,* 542 S.W.2d 871 (Tex.Crim.App.1976) for the proposition that the written findings of the court control over the oral pronouncement. However, a closer reading of *Aguilar* reveals that court reversed and remanded because there was insufficient evidence to support the trial court's findings relative to violation of probation, and that although the trial judge made an oral statement regarding the defendant's possessing heroin, the written orders revoking probation did not contain the court's findings relative to the defendant's possessing the drug. In the case at bar there were written findings which are consistent with the oral pronouncements of the trial court and lack of evidence to support the findings is not an issue. We, therefore, find *Aguilar* inapplicable.

■ The granting of probation in a non-jury trial is a matter resting entirely within the discretion of the trial court. The trial court has that same discretion in revoking the probation it granted, so long as a viola-

tion of probationary conditions is proven by a preponderance of the evidence and so long as there are no procedural irregularities. *Flournoy v. State,* 589 S.W.2d 705 (Tex.Crim.App.1979). The allegations in the case at bar regarding probationary violations have been sustained by a preponderance of the evidence. In fact, appellant does not challenge the sufficiency of the evidence.

The record reveals no procedural irregularities and clearly sets forth the reasons for revocation of appellant's probation. We therefore overrule appellant's single ground of error.

The judgment of the trial court is affirmed.