**Mervin MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–119–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1990.

Discretionary Review Refused
Feb. 20, 1991.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and BENAVIDES, JJ.

OPINION

KENNEDY, Justice.

Appellant appeals from an order revoking his probation. In his sole point of error, appellant raises two arguments contending that the trial court did not have jurisdiction to revoke his probation. In order to explain appellant's point, we must set forth the chronology of events.

On August 1, 1986, appellant pleaded guilty to possessing a controlled substance. The trial court assessed punishment at three years in the Texas Department of Corrections, suspended sentence, and placed appellant on probation for three years. In October 1988, the State filed a motion to revoke probation. In December

1988, appellant judicially confessed and stipulated that he violated certain probationary conditions. Without filing any written findings, the trial court modified the terms of probation by, among other changes, extending the period of probation for one additional year. Four days after the trial court modified the conditions, the trial court granted the State's motion to dismiss the motion to revoke. The State's reason was that appellant had been continued on "Intensive Supervision Probation." Under the terms of the modification, appellant's probation was scheduled to expire on August 1, 1990, instead of August 1, 1989.

On November 30, 1989, the State filed another motion to revoke probation. The trial court heard evidence, revoked probation, and sentenced appellant to serve two years in prison. Appellant contends that the trial court did not have jurisdiction to revoke his probation because the one-year extension of appellant's probation was invalid. Appellant argues that the extension was invalid for two reasons. First, he claims that the trial court never made written findings in December 1988, when the trial court modified the probation terms. Second, he claims that the trial court did not have the authority in 1988 to extend the period of probation by one year. We address these complaints in order.

■ In December 1988, the time when appellant's probation was modified, the Code of Criminal Procedure, article 42.12 § 8(d), provided:

(d) Notwithstanding the provisions of Sections 3 and 3a of this article, if the court, after a hearing on a motion to revoke probation, *finds* that the defendant has violated one or more of the conditions of probation other than the commission of a felony offense, the court may punish the defendant by extending the period of probation instead of revoking probation. Probation may be extended under this subsection for a period not to exceed one year for a felony probation. . . .

1987 Gen'l & Spec. Laws, 70th Legis, Act of Feb. 20, 1987, ch. 1, § 6, p. 7. (emphasis ours).

Appellant contends that the order extending probation is invalid because the trial court never made any *findings* that probation was violated. We agree with appellant that there are no written findings contained in the transcript. Nonetheless, we cannot agree that no findings were made, or that if none were made, the order modifying conditions is invalid.[1] The trial court's docket sheet shows that a hearing was held on the State's motion to revoke, that appellant pleaded true, and that the trial court modified the conditions. A written "Stipulation and Judicial Confession," marked as State's exhibit #1, was filed and is contained in the transcript. This document is signed by the appellant, his attorney, the attorney for the State, and the trial judge. Thereafter, a document which amends the conditions of probation is included in the transcript. This document is signed by appellant and the trial judge.

It is apparent that the trial judge found that appellant had violated certain conditions of his probation, even though no findings were "filed" in the case. Nonetheless, there is no showing in the record of any request for written findings from that hearing. Generally, in the absence of a request for findings, any error in the trial court's failing to enter findings is not preserved for review. *See Sappington v. State,* 508 S.W.2d 840, 841–842 (Tex.Crim. App.1974); *Limon v. State,* 493 S.W.2d 955, 957 (Tex.Crim.App.1973). In the absence of evidence to the contrary, we presume that the trial court's order modifying the probationary conditions was based on the judge's finding that appellant violated the conditions alleged in the motion to revoke, to which appellant pleaded true and judicially confessed. The order modifying conditions was not invalid merely because no written findings were filed.

■ Next, appellant contends that the order modifying the probationary condi-

1. Findings in probation revocation cases are valid if only made orally. *See Mazloum v.* *State,* 772 S.W.2d 131, 132 (Tex.Crim.App.1989).

tions was invalid because it violates the ex post facto clause. Article 42.12 § 8(d) of the Code of Criminal Procedure, set out above, did not become effective until after appellant had already been placed on probation. Article 42.12 § 8(d) specifically authorizes the trial court to extend felony probation for one year. Prior to the effective date of § 8(d), no provision of the Code of Criminal Procedure specifically authorized the trial court to extend the probationary period. Appellant argues, therefore, that the extension of his probation under § 8(d) violates the an ex post facto clause.

Appellant's argument presumes that the law which existed when he was placed on probation did not authorize a trial court to lengthen the period of probation upon the finding of a probationary violation. Although we can find no Court of Criminal Appeals' authority on the issue, the Tyler Court of Appeals has held that a trial court had such authority even before the effective date of § 8(d). *See Hill v. State*, 673 S.W.2d 890, 891 (Tex.App.—Tyler 1984, pet. dism'd). The Tyler Court reasoned that the probationary period could be fixed without regard to the term of punishment assessed and upon violation, the probationary period could be extended, so long as the period did not exceed ten years. We find the Tyler Court's argument persuasive. Section 8(d) did not vest new powers in the trial court to extend probation. Instead § 8(d) limited the trial court's authority to extend the period to one year in a felony case.

Since appellant's ex post facto argument is based on the incorrect premise that the trial court did not have the authority to extend the period of probation before the effective date of § 8(d), his argument is without merit. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.