Blaylock v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-110-CR

     LORENZO LEON BLAYLOCK,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 291st District Court
Dallas County, Texas
Trial Court # F82-89153-QU
                                                                                                    

O P I N I O N
                                                                                                    

      Lorenzo Leon Blaylock waived a jury trial, pled nolo contendere to a murder charge, and
received ten years' deferred adjudication. Eighteen months later, the State filed a motion to
proceed with an adjudication of guilt, to which Blaylock pled "not true." The hearing on the
motion primarily concerned the State's allegation that Blaylock had possessed marihuana while on
probation—which Blaylock denied. After the hearing the court entered an order adjudicating him
guilty of murder, made an affirmative finding of the use of a deadly weapon, and assessed twenty-five years in prison. In a single point, Blaylock asserts that the order "failed to satisfy the
minimum requirements of due process."
      Blaylock candidly admits that no appeal may ordinarily be taken from an order adjudicating
guilt. See Texas Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 1995). He says,
however, that we may review the order "because it concerns a violation of Due Process." 
Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 1987, no pet.), holds
that a court of appeals has jurisdiction to review such an order to determine if the hearing held
satisfied the requirements of due process. We will follow that decision and review Blaylock's
point. See id.
      Citing Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), he asks
us to hold that the court did not provide him with the "`minimum requirements of due process'
that must be observed in probation revocation hearings." He points to the requirements enunciated
in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972): 
      •    written notice of the violations alleged, 
      •    disclosure to the probationer of the evidence against him, 
      •    the opportunity to be heard in person and by counsel, 
      •    the right to present witnesses and to confront and cross-examine adverse witnesses,
      •    an impartial hearing body, and 
      •    a written statement by the factfinder as to the evidence relied on and the reasons for
revoking probation. 
Blaylock asserts that the court did not satisfy the last requirement when it gave only conclusory
reasons for proceeding with adjudication, referring only to the conditions of probation originally
imposed without specifying the evidence relied on. Citing United States v. Martinez, 650 F.2d
744, 745 (5th Cir. 1981), he urges that "pro forma language" and "routine phrases" do not satisfy
the Morrissey requirements. Finally, he says that the Court of Criminal Appeals has held that "[a]
probationer is entitled to know why his probation is being revoked as a matter of due process." 
See Garcia v. State, 488 S.W.2d 448, 449 (Tex. Crim. App. 1972).
      In reply, the State urges that Blaylock waived his point by not requesting findings in the trial
court, that the requirements of due process were met, that the record is sufficient to allow us to
reform the order, and that we may abate the appeal to allow the court to make any necessary
findings. 
      The disposition of Blaylock's point is controlled by King v. State, where the Court of
Criminal Appeals rejected an attack on an order—very much like the order Blaylock complains
of—because King had not requested that the court make findings and conclusions before revoking
his probation. See King v. State, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983); see also Bradley
v. State, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980); Clapper v. State, 562 S.W.2d 250, 251
(Tex. Crim. App. 1978).


 In King, the Court said:
An order revoking probation is sufficient, even though it does not recite the findings and
conclusions upon which the trial court acted, absent any request for such findings.
King, 649 S.W.2d at 46. No request for findings appears in the record. The record supports
findings that Blaylock violated the terms of his probation in the manner that the order refers to. 
We overrule Blaylock's point and affirm the judgment.



 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 12, 1995
Do not publish