NO. 07-07-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 20, 2009
                                       ______________________________

MICHAEL G. BAKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412576; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Michael G. Baker appeals from the revocation of his community
supervision and the resulting sentence of five years confinement in the Institutional Division
of the Texas Department of Criminal Justice. Through two issues, appellant contends the
trial court erred in revoking his community supervision. We modify the trial court’s
judgment and affirm it as modified.
 
Background 
          By an April 2006 indictment, appellant was charged with possession of one to four
grams of cocaine.


 Appellant plead guilty to this offense in September 2006, was
adjudicated guilty and received a sentence including seven years confinement. The
confinement was suspended, and appellant was placed on community supervision for
three years. The next month, the State filed an Application to Revoke Community
Supervision, alleging that appellant violated the terms of his community supervision by
committing three criminal offenses and by failing to abstain from alcohol and drugs, all in
September 2006. At a February 2007 hearing, appellant plead “not true” to all four alleged
violations. After the hearing, the trial court found appellant had violated terms of his
community supervision and in April 2007 sentenced him to confinement for a period of five
years. This appeal followed. Via two issues, appellant contends the trial court abused its
discretion in revoking his community supervision. 
Analysis
Sufficiency of the Evidence
          In appellant’s first issue, he contends the trial court abused its discretion in revoking
his community supervision because the cause for revocation was not established by the
evidence. We review an order revoking community supervision under an abuse of
discretion standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding,
the State must prove by a preponderance of the evidence that the defendant is the same
individual who is named in the judgment and order of community supervision,


 and then
must prove that the defendant violated a term of probation in the motion to revoke. Cobb
v. State, 851 S.W.2d 871, 873-74 (Tex.Crim.App. 1993). Proof of one violation alone is
sufficient to support revocation. Cardona, 665 S.W.2d at 493.
          In a community supervision revocation hearing, the trial judge is the sole trier of fact
and determines the credibility of the witnesses and the weight to be given their testimony. 
Allbright v. State, 13 S.W.3d 817, 818-19 (Tex.App.–Fort Worth 2000, pet. ref’d). We
review the evidence in the light most favorable to the court’s ruling.


 Cardona, 665 S.W.2d
at 493; Allbright, 13 S.W.3d at 819.
          Here, the evidence supports the conclusion appellant violated the term of his
community supervision requiring that he maintain total abstinence from use or possession
of narcotics or dangerous drugs. Appellant’s probation officer testified that on September
20, 2006, appellant was “given a urinalysis and it tested positive for cocaine.” Appellant
also testified that he took a urinalysis in September. Appellant also admitted to “doing
drugs” in September while on probation, but stated he used only marijuana and did not
know why his urinalysis was positive for cocaine. He argues the testimony is insufficient
evidence to support the revocation of his community supervision because the urinalysis
report was not offered into evidence and the record does not reflect that the testifying
probation officer saw the report. We disagree and find that when the evidence is viewed
in the light most favorable to the court’s ruling, it preponderates in favor of the State’s
position. See, e.g., Cherry v. State, 215 S.W.3d 917, 919 (Tex.App.–Fort Worth 2007, pet.
ref’d) (probation officer’s testimony was sufficient evidence on which to find a violation of
a term of appellant’s community supervision). 
          The record also reflects testimony by police officers, appellant’s aunt and appellant’s
cousin that appellant had a gun on or about September 26, 2006. The first of two police
officers called at the revocation hearing testified that on September 26, 2006, he was
dispatched to the apartment regarding a possible domestic disturbance. Both officers
testified that during the course of that call, a gun was located on a television in appellant’s
bedroom.


 An officer testified, without objection, that three people told officers the
bedroom in which the gun was found was appellant’s bedroom. 
          Appellant’s aunt testified to appellant’s pointing a gun at people and threatening her
with a gun, and to showing police the room where appellant stayed in which a gun was
found. She further testified that appellant bought this gun from someone and he “had it.” 
Appellant’s cousin testified that appellant bought a gun and showed the gun to them. She
agreed with the prosecutor that appellant seemed proud of it, liked it, and wanted to take
her to go shoot it. Appellant’s cousin testified that appellant had previously fired the gun
in front of the apartment. She further testified that on September 26, 2006, police were
called and found the gun in the room where appellant stayed.  
          While the record reflects some inconsistencies in the testimony and possible
credibility issues with respect to some of these witnesses, in this revocation proceeding we
defer to the trial judge’s findings with regard to credibility and weight. Allbright, 13 S.W.3d
at 818-19. Again viewed in the proper light, we find the evidence sufficient to support the
trial court’s finding that appellant was unlawfully in possession of a firearm on or about
September 26, 2006.
          As noted, proof of one violation alone is sufficient to support revocation. Cardona,
665 S.W.2d at 493. Accordingly, it is not necessary to our disposition of appellant’s first
issue that we address the remaining violations alleged. The trial court did not abuse its
discretion in revoking appellant’s community supervision. Id. See also Weavers v. State,
No. 07-06-0260-CR, 2007 WL 2891068 (Tex.App.–Amarillo October 4, 2007, no pet.)
(mem. op., not designated for publication). We overrule his first issue.  
Court’s Findings
          In appellant’s second issue, he contends the trial court erred by failing to make
specific findings of the allegations on which it revoked appellant’s community supervision. 
We disagree and overrule the issue.
 
          At the conclusion of the revocation hearing, the trial court first stated it found all the
State’s alleged violations to be true except the first. Then, when appellant objected that
there was “no proof” of the second alleged violation, the judge said he would “pull [his]
notes and let [the parties] know . . . .”


 There apparently was no further communication
from the court, but the written judgment, signed some three weeks later, contains findings
consistent with the court’s intial pronouncement. It states appellant violated the last three
(designated “A2, A3 and Q”) of the four alleged violations.
          Appellant argues this case is like Garcia v. State, 488 S.W.2d 448 (Tex.Crim.App.
1972), in which a revocation order was set aside because it did not contain findings
sufficient to inform the probationer or the appellate court which violations were found by
the trial court. Id. at 450. Garcia is to be distinguished. There, the State filed an original
and two amended motions to revoke. Id. at 449-50. The revocation hearing was had on
the second amended motion. But the violation paragraphs named in the court’s findings
did not match the allegations in the second amended motion. For example, the revocation
order said the probationer committed the violations set out in paragraphs 5 and 14, but the
second amended motion did not contain a paragraph 5 or 14. Id. at 450. No such difficulty
is present here. We have only one application for revocation of appellant’s probation,
alleging four violations. The record reflects some confusion regarding the court’s findings
at the conclusion of the recessed revocation hearing, but the court’s judgment clearly
identifies the violations found true, and the judgment is consistent with the court’s
announced findings. Neither appellant nor this court is left to wonder which violations were
found by the trial court. 
Modification of Judgment
          Appellant’s brief mentions in passing that the trial court’s judgment incorrectly states
it was entered in a deferred adjudication proceeding. Appellant is correct. He was
adjudicated guilty by the judgment of September 7, 2006. The instant judgment should be
modified to reflect that appellant’s probation was revoked rather than his guilt adjudicated. 
See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993);
Ingram v. State, 261 S.W.3d 749, 754 (Tex.App.–Tyler 2008, no pet.) (appellate courts
have authority to reform the judgment to make the record speak the truth); Asberry v.
State, 813 S.W.2d 526, 529 (Tex.App.–Dallas 1991, pet. ref’d) (en banc) (appellate courts
have the power to modify the trial court’s judgment when we have the necessary
information before us to do so). 
          Accordingly, we modify the trial court’s judgment to remove all references to a
deferred adjudication of guilt. As modified, the judgment is affirmed. 
 
                                                                           James T. Campbell

                                                                                     Justice







Do not publish.