NO. 07-07-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 20, 2009
_____

MICHAEL G. BAKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412576; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Michael G. Baker appeals from the revocation of his community supervision and the resulting sentence of five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Through two issues, appellant contends the trial court erred in revoking his community supervision. We modify the trial court's judgment and affirm it as modified.

Background

By an April 2006 indictment, appellant was charged with possession of one to four grams of cocaine.[1]  Appellant plead guilty to this offense in September 2006, was adjudicated guilty and received a sentence including seven years confinement.  The confinement was suspended, and appellant was placed on community supervision for three years.  The next month, the State filed an Application to Revoke Community Supervision, alleging that appellant violated the terms of his community supervision by committing three criminal offenses and by failing to abstain from alcohol and drugs, all in September 2006.  At a February 2007 hearing, appellant plead "not true" to all four alleged violations.  After the hearing, the trial court found appellant had violated terms of his community supervision and in April 2007 sentenced him to confinement for a period of five years.  This appeal followed.  Via two issues, appellant contends the trial court abused its discretion in revoking his community supervision.

Analysis

Sufficiency of the Evidence

In appellant's first issue, he contends the trial court abused its discretion in revoking his community supervision because the cause for revocation was not established by the evidence.  We review an order revoking community supervision under an abuse of discretion standard.  *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003).

2

*Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of community supervision,[2] and then must prove that the defendant violated a term of probation in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 873-74 (Tex.Crim.App. 1993). Proof of one violation alone is sufficient to support revocation. *Cardona,* 665 S.W.2d at 493.

In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Allbright v. State,* 13 S.W.3d 817, 818-19 (Tex.App.–Fort Worth 2000, pet. ref'd). We review the evidence in the light most favorable to the court's ruling.[3] *Cardona,* 665 S.W.2d at 493; *Allbright,* 13 S.W.3d at 819.

Here, the evidence supports the conclusion appellant violated the term of his community supervision requiring that he maintain total abstinence from use or possession of narcotics or dangerous drugs. Appellant's probation officer testified that on September 20, 2006, appellant was "given a urinalysis and it tested positive for cocaine." Appellant also testified that he took a urinalysis in September. Appellant also admitted to "doing drugs" in September while on probation, but stated he used only marijuana and did not know why his urinalysis was positive for cocaine. He argues the testimony is insufficient

---

[2] There is no dispute here that appellant is the same individual as the individual named in the judgment and order of community supervision.

[3] A factual sufficiency review is inapplicable to revocation proceedings. *Allbright,* 13 S.W.3d at 818. *See also Cherry v. State,* 215 S.W.3d 917, 919 (Tex.App.–Fort Worth 2007, pet. ref'd) (collecting cases).

3

evidence to support the revocation of his community supervision because the urinalysis report was not offered into evidence and the record does not reflect that the testifying probation officer saw the report. We disagree and find that when the evidence is viewed in the light most favorable to the court's ruling, it preponderates in favor of the State's position. *See, e.g., Cherry v. State,* 215 S.W.3d 917, 919 (Tex.App.–Fort Worth 2007, pet. ref'd) (probation officer's testimony was sufficient evidence on which to find a violation of a term of appellant's community supervision).

The record also reflects testimony by police officers, appellant's aunt and appellant's cousin that appellant had a gun on or about September 26, 2006. The first of two police officers called at the revocation hearing testified that on September 26, 2006, he was dispatched to the apartment regarding a possible domestic disturbance. Both officers testified that during the course of that call, a gun was located on a television in appellant's bedroom.[4] An officer testified, without objection, that three people told officers the bedroom in which the gun was found was appellant's bedroom.

Appellant's aunt testified to appellant's pointing a gun at people and threatening her with a gun, and to showing police the room where appellant stayed in which a gun was found. She further testified that appellant bought this gun from someone and he "had it." Appellant's cousin testified that appellant bought a gun and showed the gun to them. She agreed with the prosecutor that appellant seemed proud of it, liked it, and wanted to take her to go shoot it. Appellant's cousin testified that appellant had previously fired the gun

---

[4] Police subsequently determined this gun had been reported stolen in a burglary and was related to another case.

in front of the apartment. She further testified that on September 26, 2006, police were called and found the gun in the room where appellant stayed.

While the record reflects some inconsistencies in the testimony and possible credibility issues with respect to some of these witnesses, in this revocation proceeding we defer to the trial judge's findings with regard to credibility and weight. *Allbright,* 13 S.W.3d at 818-19. Again viewed in the proper light, we find the evidence sufficient to support the trial court's finding that appellant was unlawfully in possession of a firearm on or about September 26, 2006.

As noted, proof of one violation alone is sufficient to support revocation. *Cardona,* 665 S.W.2d at 493. Accordingly, it is not necessary to our disposition of appellant's first issue that we address the remaining violations alleged. The trial court did not abuse its discretion in revoking appellant's community supervision. *Id. See also Weavers v. State,* No. 07-06-0260-CR, 2007 WL 2891068 (Tex.App.–Amarillo October 4, 2007, no pet.) (mem. op., not designated for publication). We overrule his first issue.

Court's Findings

In appellant's second issue, he contends the trial court erred by failing to make specific findings of the allegations on which it revoked appellant's community supervision. We disagree and overrule the issue.

At the conclusion of the revocation hearing, the trial court first stated it found all the State's alleged violations to be true except the first. Then, when appellant objected that there was "no proof" of the second alleged violation, the judge said he would "pull [his] notes and let [the parties] know . . . ."[5] There apparently was no further communication from the court, but the written judgment, signed some three weeks later, contains findings consistent with the court's intial pronouncement. It states appellant violated the last three (designated "A2, A3 and Q") of the four alleged violations.

Appellant argues this case is like *Garcia v. State,* 488 S.W.2d 448 (Tex.Crim.App. 1972), in which a revocation order was set aside because it did not contain findings sufficient to inform the probationer or the appellate court which violations were found by the trial court. *Id*. at 450. *Garcia* is to be distinguished. There, the State filed an original and two amended motions to revoke. *Id*. at 449-50. The revocation hearing was had on the second amended motion. But the violation paragraphs named in the court's findings did not match the allegations in the second amended motion. For example, the revocation order said the probationer committed the violations set out in paragraphs 5 and 14, but the second amended motion did not contain a paragraph 5 or 14. *Id*. at 450. No such difficulty is present here. We have only one application for revocation of appellant's probation, alleging four violations. The record reflects some confusion regarding the court's findings at the conclusion of the recessed revocation hearing, but the court's judgment clearly identifies the violations found true, and the judgment is consistent with the court's

---

[5] The testimony was heard some two weeks prior.

announced findings. Neither appellant nor this court is left to wonder which violations were found by the trial court.

Modification of Judgment

Appellant's brief mentions in passing that the trial court's judgment incorrectly states it was entered in a deferred adjudication proceeding. Appellant is correct. He was adjudicated guilty by the judgment of September 7, 2006. The instant judgment should be modified to reflect that appellant's probation was revoked rather than his guilt adjudicated. *See* Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); *Ingram v. State,* 261 S.W.3d 749, 754 (Tex.App.–Tyler 2008, no pet.) (appellate courts have authority to reform the judgment to make the record speak the truth); *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.–Dallas 1991, pet. ref'd) (en banc) (appellate courts have the power to modify the trial court's judgment when we have the necessary information before us to do so).

Accordingly, we modify the trial court's judgment to remove all references to a deferred adjudication of guilt. As modified, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.

7