Roger Dale **TYRA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–81–0140–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 29, 1982.

Patrick H. Mulloy, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty., Thomasina Thomas, Asst. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Upon his plea of guilty at a bench trial, appellant Roger Dale Tyra was convicted for the charged felony offense of burglary of a habitation. His court-assessed punishment was confinement for six years and a $200 fine; however, the imposition of sentence was suspended and appellant was granted probation.

One of the conditions of probation then imposed, the third one, was that appellant "avoid persons or places of disreputable and

harmful character, including but not limited to: _____ and specifically avoid association with anyone previously convicted of a crime." Later, the probation order was amended by inserting in the blank the names of ten persons, one of whom was Pat Martinez, appellant was to avoid as being "of disreputable and harmful character."[1] It is undisputed that appellant was advised of the amended probation order on 26 January 1981, at which time he was warned not to associate with Pat Martinez.[2]

Two days afterwards on 28 January 1981, two police officers, according to their subsequent testimony, independently observed appellant in the company of, and talking with, Pat Martinez in the front yard of Martinez's home at approximately eight o'clock in the evening. One of the officers also testified that appellant said he was present because Martinez and another wanted to talk to him.

On 4 February 1981, the State filed a motion to revoke appellant's probation, alleging that appellant

> violated the terms of Condition No. 3 . . . in that being ordered by the Court to avoid persons of disreputable and harmful character, including but not limited to . . . Pat Martinez . . . the defendant, ROGER DALE TYRA, on the 28th day of January, 1981, did associate with Pat Martinez, a person of disreputable or harmful character as specified on Roger Dale Tyra's amended probation order.

Hearing the evidence adduced on the motion without the benefit of appellant's testimony, the court found that appellant had violated the third condition as alleged, revoked his probation, and imposed sentence of six years confinement.

Appellant contends that the court abused its discretion in revoking his probation because (1) the evidence is insufficient to prove that he "associated" with the person alleged to be of disreputable or harmful character, (2) the evidence is insufficient to prove the alleged association was detrimental to his rehabilitation or the interests of society, and (3) the court's selection of the persons named as being disreputable or harmful characters is an unnecessarily broad prior restraint on and is unduly restrictive of his right to freedom of association under the First Amendment of the United States Constitution. For the reasons to be stated, we overrule appellant's three grounds of error and affirm the trial court's judgment.

■ With respect to his initial contention, appellant argues that the evidence is insufficient to prove he did "associate" with a person of disreputable or harmful character, as charged in the State's motion to revoke probation, because the word "associate" comprehends more than the evidenced single, casual conversation between Martinez and him. He represents that his view was adopted by the Court of Criminal Appeals in *Prince v. State*, 477 S.W.2d 542, 543 (Tex.Cr.App.1972), citing *Steed v. State*, 467 S.W.2d 460 (Tex.Cr.App.1971). We do not agree with either the contention or the representation.

As related to appellant's contention, *Prince* and *Steed* do not hold that more than one prohibited association must be proved. Rather, the holdings are that the State must show the probationer knew of the disreputable and harmful character of

1. The Texas Adult Probation Law has among its provisions the following:

> The court . . . may, at any time, during the period of probation alter or modify the conditions . . . . Terms and conditions of probation may include, but shall not be limited to, the conditions that the probationer shall:
> *   *   *   *   *   *
> c. Avoid persons or places of disreputable or harmful character.

Tex.Code Crim.Pro.Ann. art. 42.12, § 6 (Vernon Supp.1982).

2. At all times material, Pat Martinez was on probation as a result of his conviction for a misdemeanor offense; however, the record, although developed to show that appellant told a probation officer that he had associated with Martinez "because Pat Martinez was his only friend," does not show whether appellant did or did not know Martinez had been convicted of a crime.

the person with whom he associated and, absent that showing, proof that the probationer was once or twice in the presence of a person of disreputable or harmful character, as in *Prince* and *Steed* respectively, is not sufficient proof to support a violation of a probation condition to avoid persons of disreputable or harmful character. Consequently, *Prince* and *Steed* addressed factual situations different from the one in the cause at bar.

Here, appellant knew, at the time of his meeting with Martinez, that Martinez, among others, had been judicially declared to be a person of disreputable and harmful character whom he was enjoined, and had been warned, to avoid. Notwithstanding his knowledge and warning, appellant chose to violate the probationary condition that he avoid Martinez by deliberately going to meet, and engaging in conversation with, Martinez.

■ By this evidence, the State met her burden to show that, as alleged, appellant violated a condition of his probation. Having done so, the State was not, contrary to appellant's contention that the State was, required to go further and show other prohibited associations as violations of the same condition of probation before his probation could be revoked, for the test is whether the greater weight of the credible evidence, *i.e.*, the preponderance of the evidence, creates a reasonable belief that the probationer has violated a condition of his probation. *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Cr.App.1974).

In this cause, the evidence, which must be viewed in the light most favorable to the court's judgment revoking probation, *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Cr. App.1981), satisfies the test. Hence, the court did not abuse its discretion in finding the evidence sufficient to support its revocation for a violation of the third condition of probation.

■ Under his second contention, appellant argues that before his probation can be revoked for the wholly innocent, non-criminal act portrayed by this record, the State must have proved that the prohibited association was, in fact, detrimental to his rehabilitation or the interest of society. Appellant cites no authority for his novel position, and understandably so, for, in a revocation hearing, the State only need prove, by a preponderance of the evidence, her allegation that the probationer violated a condition of his probation. *Scamardo v. State, supra.*

■ Whether the court should have revoked the probation for the specific violation proved or continued appellant on probation, as it was authorized to do, was within the court's discretionary powers, *Kelly v. State,* 483 S.W.2d 467, 471 (Tex.Cr. App.1972) (Odom, J., concurring), and we will not interfere with the discretion exercised by the court. *Flournoy v. State,* 589 S.W.2d 705, 709 (Tex.Cr.App.1979). Moreover, although the granting of probation serves the function of protecting society while providing the means by which the lawbreaker may be rehabilitated, *Kelly v. State, supra,* the violation of any one of the conditions of probation for which probation is revoked evidences that the probationer has failed to rehabilitate himself. *Espinoza v. State,* 486 S.W.2d 315, 317 (Tex.Cr.App. 1972); *Jackson v. State,* 165 Tex.Cr.R. 380, 307 S.W.2d 809, 811 (1957). Thus, adverse to appellant's second contention, the court did not abuse its discretion.

■ Appellant's third contention is premised on his theory that the court's unilaterally amending the original third condition of his probation to specify the persons whom appellant shall avoid is, as imposed, an impermissible infringement on his constitutional, albeit limited, right of freedom of association. We cannot subscribe to the theory.

Appellant does not question the court's statutory power, granted by Section 6 c.,[3] to

---

**3.** References to sections are to the sections of the Texas Adult Probation Law, Tex.Code

Crim.Pro.Ann. art. 42.12 (Vernon Supp.1982).

impose the probationary condition that he shall "avoid persons . . . of disreputable and harmful character." Similarly, a federal court, as then Chief Justice Warren stated in his dissent in *Frank v. United States,* 395 U.S. 147, 154, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969), "can order a defendant to associate with 'law-abiding' persons, thereby significantly limiting his freedom of association, for this condition . . . forces him to choose his acquaintances at his peril." The statutory language of the Texas Adult Probation Law empowers the probating court to unilaterally alter or modify the conditions of probation. Section 6. *See* note 1, *supra. See also Frank v. United States, supra,* for the same principle.

By its amendment, the court did not enlarge the class of persons appellant was to avoid; the court merely identified ten members of the class. The identification could have been included in the original probation condition. *Sanchez v. State,* 603 S.W.2d 869, 870 (Tex.Cr.App.1980). Furthermore, not only did the court not impose any additional condition of probation upon appellant, but the amendment produced the specificity desired in conditions of probation. *See, e.g., Flores v. State,* 513 S.W.2d 66, 69 (Tex.Cr.App.1974). Therefore, the court did not err in unilaterally amending the condition of appellant's probation.

Accordingly, the judgment is affirmed.