Robin Norris, Adolpho Quijano, Jr., El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

**David Rivera DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00244–CR.**

Court of Appeals of Texas, El Paso.

April 25, 1984.

This is an appeal from a revocation of probation. Appellant pled guilty to the offense of burglary of a vehicle and was placed on probation for two years. On June 4, 1982, the State moved to revoke probation, alleging consumption of alcohol and curfew violation (the latter based upon an October 27, 1981, modification of the probation terms and conditions). On June 14, 1982, following an evidentiary hearing, the court found no violation of the alcohol proscription but did find a curfew violation, revoked probation and sentenced Appellant to two years imprisonment. We reverse and remand.

Two El Paso police officers responded to a family disturbance call at an apartment on East Ninth Street, at 11:55 p.m. on March 26, 1982. Appellant was placed under arrest at that time and location. At that time, Appellant was required to be at the residence which he had previ-

ously designated to the probation department between the hours of 11:00 p.m. and 5:00 a.m. The State presented no evidence, documentary or testimonial, as to the address which Appellant had designated as his residence. The apartment where the arrest took place is the residence of Appellant's parents. Appellant's pretrial personal bond application designated his parent's address as his residence at that time.

The only other evidence concerning residence consisted of:

a) Officer Adkins' testimony that the neighbors at the arrest scene reported that the Appellant did not live there (nonprobative hearsay);

b) Adkins' testimony that Appellant gave a different address during the booking process;

c) Appellant's wife's testimony that they had been married for ten months and were residing at 619 South Oregon, apartment 5;

d) The wife's testimony that Appellant was spending the night with his parents to secure a ride the next morning to perform the community service condition of his probation;

e) The Appellant's father's testimony corroborating the wife's evidence.

No one testified as to the designated residence which is the basis for revocation. Had the parent's address been designated, Appellant may have been in violation of curfew every night for ten months except for the night alleged. Alternatively, he may have been in violation of the condition that he not change residence without notification to the probation department or the court. Neither of these was alleged. Because of the failure to produce evidence from the probation department records, it is impossible to determine what violation, if any, transpired on the alleged date. The references to another address on Oregon Street are insufficient to demonstrate a violation of the curfew condition as alleged. See: *Whitehead v. State*, 556 S.W.2d 802, 806–807 (Tex.Cr.App.1977). Ground of Error No. One is sustained.

Ground of Error No. Two is without merit in asserting that the curfew condition was constitutionally unreasonable as applied. Appellant's hypothetical examples of unreasonably rigid application are all adequately addressed by other legal safeguards. The modified condition excused curfew non-observance for work reasons. Defenses of public duty and necessity, Tex. Penal Code Ann. secs. 9.21 and 9.22 (Vernon 1974), would seem to cover the other examples. The condition is neither unreasonable per se nor as applied. Ground of Error No. Two is overruled.

The judgment is reversed and the cause is remanded for resumption of probation.