Emiliano **ELIZONDO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–97–00446–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1998.

Jaime E. Carrillo, Carrillo Law Office, LLP, Kingsville, for Appellant.

Heriberto Silva, District Attorney, Rio Grande City, Joe Mike Pena, Assistant District Attorney, San Diego, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

### FACTS AND PROCEDURAL HISTORY

Appellant, Elizondo, appeals the modification and subsequent revocation of his probation. Elizondo was sentenced to two years probation in 1995 after pleading guilty to burglary of a building. On July 12, 1996, the

conditions of his probation were modified to have Elizondo committed to the Webb County Rehabilitation Center for a period of not less than six months and not more than twenty-four months. In May 1997, after a hearing, Elizondo's probation was revoked, and he was sentenced to two years confinement in a state jail.

Elizondo raises three points of error. First, he claims that he was entitled to an attorney when his probation was modified. Second and third, he claims that the trial court abused its discretion by revoking his probation for failure to pay $270 in fines and for failing to perform community service. We affirm the judgment revoking Elizondo's probation.

### APPEAL FROM PROBATION MODIFICATION

■ At the onset, we note that ordinarily an order modifying probation is not subject to an appeal. *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App.1977). In *Basaldua*, the court of criminal appeals held that the statute governing probation allowed appeals only from a court's decision to revoke probation and order the defendant to serve his sentence in confinement. *Id.*; TEX.CODE CRIM. PROC. ANN. art. 42.12(23)(b) (Vernon Supp. 1998). Redress for an error in the modification of probation is appropriate only through a writ of habeas corpus. *Id.*

However some courts, including the court of criminal appeals, have considered points of error relating to probation modification when those points are brought in an appeal from revocation. *See Sanchez v. State*, 603 S.W.2d 869, 870 (Tex.Crim.App.1980) (no right to a hearing where modification substituted new probation officers); *Moore v. State*, 799 S.W.2d 456, 457–8 (Tex.App.—Corpus Christi 1990, pet. ref'd) (modification valid even though findings were not in transcript, and modification did not violate ex post facto clause); *Diaz v. State*, 671 S.W.2d 619, 620 (Tex.App.—El Paso 1984, pet. ref'd) (modification not unconstitutionally unreasonable); *Tyra v. State*, 644 S.W.2d 865, 869 (Tex. App.—Amarillo 1982, no pet.) (modification did not violate probationer's right to free association). These cases have considered points of error surrounding modification orders when probation has been revoked on the basis of a violation of the *modified orders*. In *Sanchez*, for example, the probationer's probation was revoked when he failed to report to his probation officer "as required by the modified terms of probation." *Sanchez*, 603 S.W.2d at 870. In *Moore*, probation was revoked during the year added to the probationary period by a modification. *Moore*, 799 S.W.2d at 457. In *Diaz*, probation was revoked, in part, for violation of a curfew that had been added in a modification. *Diaz*, 671 S.W.2d at 619. Finally, in *Tyra*, probation was revoked when the probationer associated with persons with whom a modification order had told him not to associate. *Tyra*, 644 S.W.2d at 866.

■ These cases illustrate that a probationer may complain of a modification order when violation of that order formed the basis of a subsequent revocation. *See also* TEX. CODE CRIM. PROC. ANN. art. 42.12(23)(b) (stating that probationer may appeal probation *revocation*). In this case, Elizondo complains of a revocation based on violations of both the original order *and* the modified order. If the trial court's decision can be upheld on violations of the original order, then, this court need not reach the issue of whether Elizondo was entitled to an attorney when his probation was modified.

### STANDARD OF REVIEW

■ Appellate review of a probation revocation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim.App.1983). In determining whether discretion was abused, the panel must view the evidence adduced at the hearing in a light most favorable to the trial court's findings. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App.1979). If the probation revocation can be upheld on one ground, the insufficiency of other grounds will not render the judgment erroneous. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980).

### DISCUSSION

■ Because we find that there was sufficient evidence to support revoking Elizondo's probation for failing to perform the community service required under the original probation order, we need not consider the

other grounds or Elizondo's points of error regarding modification. *See Sterling v. State,* 791 S.W.2d 274, 277 (Tex.App.—Corpus Christi 1990, pet. ref'd) (finding revocation valid on basis of single ground, without considering others).

The original probation order required Elizondo to perform 150 hours of community service under the direction of his probation officer, at the minimum rate of sixteen hours per month. The probation officer testified at the hearing on the motion to revoke that she had referred Elizondo to community service work when he was first placed on probation. She testified that Elizondo had not performed even one hour of community service. Elizondo admitted, at the hearing, that prior to his being admitted to the Center, he had not performed his community service hours. If the time that Elizondo spent in a rehabilitation center, under the modified order, is not taken into account, the record shows that Elizondo failed to perform his community service duties for eleven consecutive months, from his sentence in August 1995, to his placement in the center in July 1996.

The trial judge found that Elizondo had failed to perform his community service hours. This unexcused failure to comply with the terms of his probation is sufficient to support revocation, and we affirm on this basis.