Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DAVID A. CARRASCO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00399-CR


Appeal from the


244th District Court


of Ector County, Texas


(TC# C-28,995)


MEMORANDUM OPINION



 On October 1, 2001, David A. Carrasco pleaded guilty and was convicted of
possession of a controlled substance. Imposition of the sentence was suspended, and he
was placed on community supervision for two years. The trial court modified the terms
of community supervision on January 23, 2002, and September 3, 2002. On September 5,
2002, Carrasco filed a notice of appeal from the September 3, 2002 modification order. 
On January 13, 2003, we notified the parties of our intent to dismiss the appeal for want
of jurisdiction unless any party could show grounds for continuing the appeal. The
parties had ten days to respond to our notice. No response has been filed.


 An order modifying the terms of community supervision is not subject to a direct
appeal. See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 22, 23(b) (Vernon Supp. 2003);
Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); Elizondo v. State, 966
S.W.2d 671, 672 (Tex. App.--San Antonio 1998, no pet.). Redress for an error in the
modification of community supervision is appropriate only through a writ of habeas
corpus returnable to the Texas Court of Criminal Appeals. Basaldua, 558 S.W.2d at 5;
Elizondo, 966 S.W.2d at 672. Accordingly, we do not have jurisdiction over Carrasco's
attempted appeal from the order modifying the terms of community supervision.

 The appeal is dismissed for lack of jurisdiction.


 SUSAN LARSEN, Justice

February 13, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)