Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ROBERT ELVIRA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-03-00289-CR


Appeal from the


243rd District Court


of El Paso County, Texas


(TC#970D06647)


MEMORANDUM OPINION


 According to documents filed in this Court, the trial court signed an order in this
case on May 5, 2003. Appellant did not file a motion for new trial, but he filed a notice
of appeal on June 11, 2003. On June 19, 2003, we notified the parties of our intent to
dismiss the appeal for want of jurisdiction because it appeared that the notice of appeal
was not timely perfected. See Tex. R. App. P. 26.2(a). We also notified the parties that
the notice of appeal is defective because it does not contain the trial court's certification
of the defendant's right of appeal. See Tex. R. App. P. 25.2(d).

 Appellant's court-appointed counsel has filed a response to our notice, stating that
on May 5, 2003, the trial court dismissed a motion to revoke appellant's probation and
modified appellant's probation by sending him to the Substance Abuse Felony Program. 
Counsel concedes that appellant did not timely file his notice of appeal and did not obtain
the trial court's certification of his right to appeal. Attached to the response is a copy of
the order dismissing the motion to revoke and modifying the terms of appellant's
probation.

 Assuming the trial court signed an appealable order on May 5, 2003, appellant's
notice of appeal was due on June 4, 2003. See Tex. R. App. P. 26.2(a). Therefore, the
notice of appeal filed on June 11, 2003 was untimely. We may grant an extension of time
to file the notice of appeal if the notice is filed within fifteen days after the last day
allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex. R. App. P. 26.3; Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Although appellant filed his notice of appeal
within the fifteen-day grace period, he did not file a motion for extension of time. 
Accordingly, we lack jurisdiction over the appeal. See Olivo, 918 S.W.2d at 522.

 Moreover, an order modifying the terms of probation is not subject to a direct
appeal. See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 22, 23(b) (Vernon Supp. 2003);
Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); Elizondo v. State, 966
S.W.2d 671, 672 (Tex. App.--San Antonio 1998, no pet.). Redress for an error in the
modification of probation is appropriate only through a writ of habeas corpus returnable
to the Texas Court of Criminal Appeals. Basaldua, 558 S.W.2d at 5; Elizondo, 966
S.W.2d at 672.

 For the reasons stated herein, this appeal is dismissed for lack of jurisdiction.


 SUSAN LARSEN, Justice

July 10, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)