NO. 07-04-0313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2005
_____

SHERYL D. ATWOOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO.2 OF LUBBOCK COUNTY;

NO. 2002-478,973; HON. DRUE FARMER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Sheryl D. Atwood, appeals from an order modifying the terms of her community supervision or probation. The State had moved to revoke her probation, but rather than do so, the trial court allowed her to remain on probation after modifying the conditions attached to it. We dismiss for want of jurisdiction.[1]

---

[1] We have authority to address our own jurisdiction *sua sponte. Vargas v. State,* 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.).

Subject to an exception not applicable here,[2] orders modifying the terms and conditions of probation are not subject to appeal. *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Castillo v. State,* No. 13-03-416-CR, 2003 Tex. App. LEXIS 9472 (Tex. App.–Corpus Christi, November 6, 2003, no pet.) (not designated for publication); *Christopher v. State,* 7 S.W.3d 224, 225 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd); *Elizondo v. State,* 966 S.W.2d 671, 672 (Tex. App.–San Antonio 1998, no pet.); *Eaden v. State,* 901 S.W.2d 535, 537 (Tex. App.–El Paso 1995, no pet.). Therefore, we have no jurisdiction to consider the issue before us.

Accordingly, the appeal is dismissed for want of jurisdiction.


Brian Quinn
Chief Justice

Do not publish.

---

[2]It has been held that a defendant may complain of a probation modification order when violation of that order formed the basis of a subsequent revocation. *Elizondo v. State,* 966 S.W.2d 671, 672 (Tex. App.–San Antonio 1998, no. pet.).