NO. 07-11-0246-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 5, 2012
_____

NORAIDA SANCHEZ,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18347-1003; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Noraida Sanchez (appellant) appeals her conviction for credit card abuse. In a single issue, appellant contends the trial court abused its discretion in granting the State's motion to adjudicate her guilt; it alleged that she violated one or more terms of her community supervision. Allegedly, the evidence was insufficient to support the trial court's findings that she both committed another offense and failed to perform mandatory community service. We affirm.

We review an order revoking community supervision and adjudicating guilt under the standard of abused discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.–Fort Worth 2007, pet. ref'd). Furthermore, the State must prove by a preponderance of the evidence that the defendant violated one or more of the conditions of his community supervision before the court can adjudicate him guilty. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. And, in assessing whether that burden had been satisfied, we acknowledge that the trial court is the sole judge of a witness' credibility and the weight to be assigned the testimony proffered. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. We also must view the evidence in a light most favorable to the trial court's decision. *Id.*

Of the grounds upon which the State moved to adjudicate guilt, we first address that concerning appellant's failure to complete her community service. The trial court ordered that appellant perform 320 hours of such service at a rate of not less than eight hours per month. The State proffered evidence that she failed to complete the monthly minimum in November and December of 2010 and January and February of 2011. Appellant admitted as much but attempted to excuse the lapse by asserting that she "had arguments with [her] spouse," her son "was sick" or she was sick. The nature of the purported illnesses, their duration, or an explanation as to why the hours allegedly missed could not be performed at other times during the respective month went unmentioned by appellant. As for the supposed arguments, her husband allegedly prohibited her from working at a particular locale. Whether this was the only location at

2

which she could work went unmentioned, but her probation officer did testify about advising appellant that she would be responsible for the effects of allowing her husband to "control her." Given this, the trial court could well have viewed the excuses with skepticism, discredited the testimony, and concluded that the particular condition of probation went unsatisfied. *See Elizondo v. State*, 966 S.W.2d 671, 672-73 (Tex. App. –San Antonio 1998, no pet.) (holding that the trial judge found that Elizondo had failed to perform his community service hours and this unexcused failure to comply with the terms of his probation is sufficient to support revocation). And because proof of a single violation will support an adjudication of guilt, *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App.1980); *Marcum v. State*, 983 S.W.2d 762, 766-67 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd), we need not consider whether the State proved the other ground alleged in its motion.

Accordingly, the judgment adjudicating guilt is affirmed.


Per Curiam


Do not publish.


3