

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00314-CR

PATRICK BOND                                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1324387D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Patrick Bond appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of retaliation. In a single issue, Bond argues that the trial court abused its discretion

---

[1]*See* Tex. R. App. P. 47.4.

by finding that he had violated his deferred adjudication community supervision. We will affirm.

## II. PROCEDURAL BACKGROUND

On May 10, 2013, Bond pleaded guilty, pursuant to a plea agreement, to the third-degree felony of retaliation. *See* Tex. Penal Code Ann. § 36.06(a)(1) (West 2011). Following this plea, the trial court placed him on two years' deferred adjudication community supervision and imposed a $200 fine.

On May 22, 2014, the State filed its first petition to proceed to adjudication alleging four categories of violations: that Bond (1) possessed a firearm; (2) failed to pay the $60 monthly supervision fee in each of the six months listed; (3) failed to participate in and complete twenty hours of monthly community service during each of the nine months listed; and (4) failed to participate in or successfully complete anger control counseling in June and July 2013.

At the hearing on the State's first petition to proceed to adjudication, Bond pleaded "not true" to each of the allegations in the State's petition. After hearing testimony from two community supervision officers and a senior court officer, the trial court found the allegations in paragraphs 2, 3, and 4 to be true[2] and that

---

[2]Although the docket contains the note that "Crt finds para # 1, 2, 3, & 4 true" and the judgment adjudicating guilt states that "[w]hile on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: PARAGRAPHS ONE, TWO, THREE, AND FOUR[,]" the trial court stated on the record that it found the allegation in paragraph 1 to be not true and that it found the allegations in paragraphs 2, 3, and 4 to be true. Because the oral pronouncement controls, we need not address Bond's argument that the trial

2

Bond had violated the terms and conditions of his community supervision; revoked his deferred adjudication community supervision; adjudicated him guilty of the offense of retaliation; and sentenced him to seven years' confinement.

### III. STANDARD OF REVIEW

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any *one* of the alleged

court abused its discretion by finding the allegation in paragraph 1 to be true. *Cf. Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) (stating that when there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls).

3

violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## IV. NO ABUSE OF DISCRETION

In Bond's sole issue, he contends that the trial court abused its discretion by finding that he had violated the terms of his deferred adjudication community supervision, arguing that economic inability to pay prevented his compliance with the conditions requiring that he perform community service hours, that he pay monthly supervision fees, and that he participate in anger control counseling. Specifically, Bond argues that he was having economic issues that made doing community service difficult and that economic inability to pay cannot be the basis for revocation of community supervision.

During the hearing on the State's first petition to proceed to adjudication, one of Bond's community supervision officers testified that Bond was required to complete twenty hours of community service each month, that she had discussed this requirement with him at every single office visit, and that she had given Bond referrals to Goodwill and to Mission Arlington. Bond's other community supervision officer testified likewise that she had informed Bond of his obligation to complete his community service at every one of his visits and that Bond did not comply with multiple referrals for community service. Bond never told her how his unemployment prevented him from completing community service. Bond

4

did not complete the required twenty hours of community service during each of the nine months from August 2013 through April 2014; one month he completed sixteen hours, one month three hours, and several months zero hours. He completed a total of sixty hours; if he had completed his monthly twenty-hour quota, he would have had ample time to discharge his obligation during the nine-month time period.

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that Bond violated the condition of his community supervision that required him to complete 150 hours of community service restitution at the rate of no fewer than twenty hours per month. *See, e.g., Elizondo v. State*, 966 S.W.2d 671, 672–73 (Tex. App.—San Antonio 1998, no pet.) (holding that the finding that Elizondo had failed to comply with term of probation requiring him to perform his community service hours was sufficient to support revocation); *Trevino v. State*, No. 08-13-00234-CR, 2015 WL 181657, at *2 (Tex. App.—El Paso Jan. 14, 2015, no pet.) (not designated for publication) (upholding revocation of community supervision because State proved by a preponderance of the evidence that appellant had failed to complete his court-ordered community service at the required rate). Bond does not contest the fact that he did not complete the required community service hours; he instead argued in the trial court and argues on appeal that his unemployment and consequent financial difficulties made it hard for him to do so. As the sole judge of the weight of the evidence, the trial court was free to believe

5

the testimony of the State's witnesses and to be skeptical of Bond's argued excuse. *See, e.g.*, *Cardona*, 665 S.W.2d at 493; *accord Crisp v. State*, No. 07-11-00254-CR, 2013 WL 1226911, at *2 (Tex. App.—Amarillo, Mar. 26, 2013, no pet.) (mem. op., not designated for publication) (rejecting application of "inability-to-pay" affirmative defense to community-service condition of community supervision); *Sanchez v. State*, No. 07-11-00246-CR, 2012 WL 5392106, at *1 (Tex. App.—Amarillo Nov. 5, 2012, no pet.) (mem. op., not designated for publication) (explaining that trial court was free to reject excuses provided by defendant for failure to complete community-service requirement). Accordingly, we hold that the trial court did not abuse its discretion by revoking Bond's deferred adjudication community supervision, adjudicating Bond guilty of the offense of retaliation, and sentencing him to seven years' imprisonment. *See Rickels*, 202 S.W.3d at 763; *Moore*, 605 S.W.2d at 926 (holding that proof of any one violation is sufficient to support revocation order). We overrule Bond's sole issue.

## V. CONCLUSION

Having overruled Bond's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 9, 2015