

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00398-CR

MARTEL D. HICKS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 1232353D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Martel D. Hicks appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of evading arrest or detention with a vehicle.  In three issues, Hicks argues that the

---

[1]*See* Tex. R. App. P. 47.4.

trial court abused its discretion by finding that he had violated the terms of his deferred adjudication community supervision. We will affirm.

## II. PROCEDURAL BACKGROUND

On August 15, 2011, Hicks pleaded guilty, pursuant to a plea agreement, to the state jail felony of evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West 2013). Following this plea, the trial court placed him on two years' deferred adjudication community supervision and imposed a $200 fine. Later, Hicks's community supervision was extended for another year.

On June 27, 2014, the State filed its first amended petition to proceed to adjudication, alleging three categories of violations: that Hicks (1) committed a new offense against the laws of this State; (2) failed to participate in and complete 120 hours of monthly community service at the rate of no less than ten hours per month; and (3) failed to pay his court-ordered community supervision fees more than twenty times.

At the hearing on the State's petition, Hicks pleaded "[n]ot true" to each of the State's allegations. After hearing testimony, the trial court found the allegations in all three paragraphs true and that Hicks had violated the terms and conditions of his community supervision; revoked his deferred adjudication community supervision; adjudicated him guilty of the offense of evading arrest or detention with a vehicle; and sentenced him to two years' confinement in state jail. This appeal followed.

2

## III. STANDARD OF REVIEW

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2014). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## IV. No Abuse of Discretion

In part of Hicks's second issue, he contends that the trial court abused its discretion by finding that he had violated the terms of his deferred adjudication community supervision for failure to complete community service hours. We disagree.

Hicks's argument is predicated first on the notion that because his community supervision had previously been extended at a time when it was obvious he was not in compliance with his community service hours condition, he "was denied due process of law . . . because his [community supervision] was extended by the court [w]hile those alleged violations were known to the court." Hicks does not cite any authority for this proposition. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) ("In failing to provide any relevant authority suggesting how the judge's actions violated any of appellant's constitutional rights, we find the issue to be inadequately briefed.").

Hicks's argument is next predicated on the notion that because he was jailed for a portion of his community supervision extension, he was unable to complete his required community service. Again, Hicks fails to cite any authority for this proposition. *See* Tex. R. App. P. 38.1(i); *Tong*, 25 S.W.3d at 710.

But even assuming Hicks's arguments on this issue are firm and preserved, the record demonstrates that during the time after he received an

extension of his community supervision and before he was jailed, he failed to complete the required ten hours of community supervision per month. Thus, the trial court did not abuse its discretion by revoking Hicks's deferred adjudication community supervision based on this violation.

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that Hicks violated the condition of his community supervision that required him to complete 120 hours of community service at the rate of no fewer than ten hours per month. *See, e.g., Elizondo v. State*, 966 S.W.2d 671, 672–73 (Tex. App.—San Antonio 1998, no pet.) (holding that the finding that Elizondo had failed to comply with term of probation requiring him to perform his community service hours was sufficient to support revocation); *Trevino v. State*, No. 08–13–00234–CR, 2015 WL 181657, at *2 (Tex. App.—El Paso Jan. 14, 2015, no pet.) (not designated for publication) (upholding revocation of community supervision because State proved by a preponderance of the evidence that appellant had failed to complete his court-ordered community service at the required rate). We overrule this part of Hicks's second issue.

Because proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order, we need not address the remainder of Hicks's issues. *See Moore*, 605 S.W.2d at 926.

## V. CONCLUSION

Having overruled the relevant portion of Hicks's second issue, and not addressing the remainder of his issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015