PD-0602-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/20/2015 1:01:26 PM
Accepted 5/22/2015 10:30:03 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
# OF AUSTIN, TEXAS

| | | |
|---|---|---|
| **PATRICK BOND,** | § | |
| **Appellant** | § | |
| | § | **NO.**_____ |
| **vs.** | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## ON PETITION FOR DISCRETIONARY REVIEW FROM THE DECISION OF THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS, AT FORT WORTH, TEXAS IN CAUSE NO. 02-14-00314-CR AFFIRMING APPELLANT'S CONVICTION AND SENTENCE IN CAUSE NO. 1324387D HONORABLE MOLLEE WESTFALL, PRESIDING FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY, TEXAS

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

May 22, 2015

ABEL ACOSTA, CLERK

**Richard A. Henderson**
**State Bar No. 09427100**

**RICHARD A. HENDERSON, P.C.**
**100 Throckmorton Street, Suite 540**
**Fort Worth, Texas 76102**
**817-332-9602 - Telephone**
**817-335-3940 – Facsimile**
*richard@rahenderson.com*

ATTORNEY FOR APPELLANT, PATRICK BOND

# SUBJECT INDEX

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF AUTHORITIES.......................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................ 1

STATEMENT OF THE CASE ...................................................................... 1

STATEMENT OF PROCEDURAL HISTORY ................................................. 2

GROUND FOR REVIEW............................................................................ 2

REASON FOR REVIEW............................................................................. 2

     GROUND ONE.................................................................................. 2

CONCLUSION AND PRAYER..................................................................... 3

CERTIFICATE OF COMPLIANCE ............................................................... 4

CERTIFICATE OF SERVICE....................................................................... 5

APPENDICES ......................................................................................... 6

Appendix "A"
(Opinion of the Court of Appeals Second District of Texas,
Fort Worth, Texas)

Appendix "B"
(Motion for Rehearing)

Appendix "C"
( Order denying appellant's motion for rehearing)

i

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties pursuant to Texas Rules of Appellate Procedure 68.4(a):

1. **Mr. Patrick Bond, TDC#1979158**
   1358 FM 3328
   Palestine, Texas 75803
   **Defendant/Appellant**

2. **Mr. Edward E. Castillo**
   2101 Moneda Street
   Fort Worth, Texas 76111
   **Trial Attorney for Defendant**

3. **THE STATE OF TEXAS**
   **Ms. Erin W. Cofer**
   Assistant Criminal District Attorney, Tarrant County
   **Trial Attorney**

   **Mr. Charles Mallin**
   Former Chief of Appellate
   Tarrant County District Attorney's Office
   **Mr. Joe Shannon, Jr.**
   Former Criminal District Attorney
   Tarrant County, Texas

   **Ms. Debra Windsor, Chief, Post -Conviction**
   Assistant Criminal District Attorney
   Tarrant County, Texas

   **Ms. Sharen Wilson**
   Criminal District Attorney
   Tarrant County, Texas
   401 W. Belknap Street, Fort Worth, Texas 76196
   **Plaintiff/Appellee**

4. **Honorable Mollee Westfall**
   Judge, 371st District Court
   401 W. Belknap Street
   Fort Worth, Texas 76196
   **Trial Judge**

5. **Richard A. Henderson**
   100 Throckmorton Street, Suite 540
   Fort Worth, Texas 76102
   **Attorney for Appellant**

ii

# TABLE OF AUTHORITIES

## CASES

*Leblanc v. State,*
  908 S.W.2d 572 (Tex. App. —Ft. Worth 1995, no pet)......................................... 3

*Mathis v. State,*
  PD 0536-1 (Tex. Crim. App. 2014) .................................................................... 3

*Mayer v. State,*
  309 S.W.3d 552 (Tex.Crim. App. 2010)............................................................. 3

## Code:

Tex.Code Crim. Proc. art. 42.12 Sec. 11(b) .............................................................. 2

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would aid the court in deciding the critical issues presented.

## STATEMENT OF THE CASE

Appellant was originally placed on deferred adjudication probation for retaliation. A Petition to Proceed to Adjudication was filed alleging four violations of probation including possessing weapons, failure to pay probation fees, failure to complete community service and failing to attend anger control counseling (CR 30-32). The pleas to the court were not true to all violations (RR2: 6-8). The Trial court found the possession of a weapon allegation to be not true on the oral record. The judgment and docket entries indicate a true finding to all four allegations, in error. The court found all of the three other allegations to be true. The court adjudicated Appellant guilty of the original charge of retaliation and sentenced Appellant to seven years in the Institutional Division of the Texas Department of Criminal Justice.

1

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals issued its Opinion affirming the conviction on April 9, 2015. A Motion for Rehearing was e-filed by Appellant on April 23, 2015. The Motion for Rehearing was overruled by the Second Court of Appeals on April 30, 2015. This Petition for Discretionary Review is timely if filed on or before May 30, 2015.

## GROUND FOR REVIEW

GROUND ONE:    Is it an abuse of discretion by the trial court to revoke probation when the underlying causes of the revocation are economic inability to pay?

## REASON FOR REVIEW

**Reason for Review Ground One:**

Economic inability to pay cannot be the basis for the revocation of probation and finding Appellant had violated these terms of probation was an abuse of discretion. Tex.Code Crim. Proc. article 42.12 Sec. 11(b) states that the trial court SHALL (Emphasis added) consider the ability of a defendant to make payments

2

under article 42.12 Sec. 11, *Leblanc vs State* 908 S.W.2d 572 (Tex. App. —Ft. Worth 1995 no pet). This is a mandatory provision according to this court in *Mathis vs. State,* PD 0536-1 (Tex. Crim. App. 2014), see also *Mayer vs. State,* 309 S.W.3d 552 (Tex.Crim. App. 2010).

In this case, there was no evidence that Appellant had the ability to pay the probation fees nor for anger control counseling. Moreover, the testifying probation officers stated that Appellant's reasons for many of his probation difficulties were the result of economic hardship for lack of a job. Appellant had been evicted from his apartment (RR2: 27-28, 52-54, 56,59). It was an abuse of discretion to find Appellant in violation of these terms of his probation.

The Court of Appeals should have ruled that the trial court abused its discretion and reversed the case.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant respectfully prays that this Court reverse the decision of the Court of Appeals and the Trial Court and remand this cause to the court of Appeals and to order the trial court to conduct a new hearing.

3

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
(Telephone) 817-332-9602
(Telecopier) 817-335-3940
E-mail: *richard@rahenderson.com*

By: _____
Richard A. Henderson
State Bar No. 09427100

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of TEX.R.APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX.R.APP. P. 9.4(i) because it contains 1,080 words, excluding any parts exempted by TEX.R.APP.P. 9.4(i)(1), as computed by the word-count feature of Microsoft Office Word 2010, the computer software used to prepare the document.

_____
Richard A. Henderson

4

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Brief has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant Criminal District Attorney, Chief, Post-Conviction, Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Patrick Bond, TDCJ #1979158, Joe F, Gurney Unit, 1358 FM 3328, Palestine, Texas 75803 on this the 20th day of May 2015.

Richard A. Henderson

# APPENDICES

# APPENDIX "A"

# OPINION OF
# COURT OF APPEALS
# SECOND DISTRICT OF TEXAS
Fort Worth



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00314-CR

PATRICK BOND                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1324387D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Patrick Bond appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of retaliation. In a single issue, Bond argues that the trial court abused its discretion

----

[1]See Tex. R. App. P. 47.4.

by finding that he had violated his deferred adjudication community supervision. We will affirm.

## II. PROCEDURAL BACKGROUND

On May 10, 2013, Bond pleaded guilty, pursuant to a plea agreement, to the third-degree felony of retaliation. *See* Tex. Penal Code Ann. § 36.06(a)(1) (West 2011). Following this plea, the trial court placed him on two years' deferred adjudication community supervision and imposed a $200 fine.

On May 22, 2014, the State filed its first petition to proceed to adjudication alleging four categories of violations: that Bond (1) possessed a firearm; (2) failed to pay the $60 monthly supervision fee in each of the six months listed; (3) failed to participate in and complete twenty hours of monthly community service during each of the nine months listed; and (4) failed to participate in or successfully complete anger control counseling in June and July 2013.

At the hearing on the State's first petition to proceed to adjudication, Bond pleaded "not true" to each of the allegations in the State's petition. After hearing testimony from two community supervision officers and a senior court officer, the trial court found the allegations in paragraphs 2, 3, and 4 to be true[2] and that

---

[2]Although the docket contains the note that "Crt finds para # 1, 2, 3, & 4 true" and the judgment adjudicating guilt states that "[w]hile on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: PARAGRAPHS ONE, TWO, THREE, AND FOUR[,]" the trial court stated on the record that it found the allegation in paragraph 1 to be not true and that it found the allegations in paragraphs 2, 3, and 4 to be true. Because the oral pronouncement controls, we need not address Bond's argument that the trial

2

Bond had violated the terms and conditions of his community supervision; revoked his deferred adjudication community supervision; adjudicated him guilty of the offense of retaliation; and sentenced him to seven years' confinement.

## III. STANDARD OF REVIEW

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493– 94. Proof by a preponderance of the evidence of any *one* of the alleged

---

court abused its discretion by finding the allegation in paragraph 1 to be true. *Cf. Taylor v. State*, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) (stating that when there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls).

3

violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## IV. No Abuse of Discretion

In Bond's sole issue, he contends that the trial court abused its discretion by finding that he had violated the terms of his deferred adjudication community supervision, arguing that economic inability to pay prevented his compliance with the conditions requiring that he perform community service hours, that he pay monthly supervision fees, and that he participate in anger control counseling. Specifically, Bond argues that he was having economic issues that made doing community service difficult and that economic inability to pay cannot be the basis for revocation of community supervision.

During the hearing on the State's first petition to proceed to adjudication, one of Bond's community supervision officers testified that Bond was required to complete twenty hours of community service each month, that she had discussed this requirement with him at every single office visit, and that she had given Bond referrals to Goodwill and to Mission Arlington. Bond's other community supervision officer testified likewise that she had informed Bond of his obligation to complete his community service at every one of his visits and that Bond did not comply with multiple referrals for community service. Bond never told her how his unemployment prevented him from completing community service. Bond

4

did not complete the required twenty hours of community service during each of the nine months from August 2013 through April 2014; one month he completed sixteen hours, one month three hours, and several months zero hours. He completed a total of sixty hours; if he had completed his monthly twenty-hour quota, he would have had ample time to discharge his obligation during the nine-month time period.

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that Bond violated the condition of his community supervision that required him to complete 150 hours of community service restitution at the rate of no fewer than twenty hours per month. *See, e.g., Elizondo v. State*, 966 S.W.2d 671, 672–73 (Tex. App.—San Antonio 1998, no pet.) (holding that the finding that Elizondo had failed to comply with term of probation requiring him to perform his community service hours was sufficient to support revocation); *Trevino v. State*, No. 08-13-00234-CR, 2015 WL 181657, at *2 (Tex. App.—El Paso Jan. 14, 2015, no pet.) (not designated for publication) (upholding revocation of community supervision because State proved by a preponderance of the evidence that appellant had failed to complete his court-ordered community service at the required rate). Bond does not contest the fact that he did not complete the required community service hours; he instead argued in the trial court and argues on appeal that his unemployment and consequent financial difficulties made it hard for him to do so. As the sole judge of the weight of the evidence, the trial court was free to believe

5

the testimony of the State's witnesses and to be skeptical of Bond's argued excuse. *See, e.g., Cardona*, 665 S.W.2d at 493; *accord Crisp v. State*, No. 07-11-00254-CR, 2013 WL 1226911, at *2 (Tex. App.—Amarillo, Mar. 26, 2013, no pet.) (mem. op., not designated for publication) (rejecting application of "inability-to-pay" affirmative defense to community-service condition of community supervision); *Sanchez v. State*, No. 07-11-00246-CR, 2012 WL 5392106, at *1 (Tex. App.—Amarillo Nov. 5, 2012, no pet.) (mem. op., not designated for publication) (explaining that trial court was free to reject excuses provided by defendant for failure to complete community-service requirement). Accordingly, we hold that the trial court did not abuse its discretion by revoking Bond's deferred adjudication community supervision, adjudicating Bond guilty of the offense of retaliation, and sentencing him to seven years' imprisonment. *See Rickels*, 202 S.W.3d at 763; *Moore*, 605 S.W.2d at 926 (holding that proof of any one violation is sufficient to support revocation order). We overrule Bond's sole issue.

## V. CONCLUSION

Having overruled Bond's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 9, 2015



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00314-CR

| | | |
|---|---|---|
| Patrick Bond | § | From the 371st District Court |
| | § | of Tarrant County (1324387D) |
| v. | § | April 9, 2015 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM

# APPENDIX "B"

# MOTION FOR REHEARING

### NO. 02-14-00314-CR

| | | |
|---|---|---|
| **PATRICK BOND,** | ][ | |
| **APPELLANT** | ][ | **From the 371ST District Court** |
| | ][ | |
| | ][ | **of Tarrant County** |
| **VS.** | ][ | |
| | ][ | **Trial Court Case No.1324387D** |
| | ][ | |
| **THE STATE OF TEXAS,** | ][ | |
| **APPELLEE** | | |

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Patrick Bond, Appellant in the above-styled and numbered appeal, and, pursuant to Rule 49.5(c) of the Texas Rules of Appellate Procedure, hereby files this Motion for Rehearing, and asks the Court to reconsider and withdraw its opinion of April 9, 2015 and shows as follows:

1. Appellant respectfully requests the court to reconsider its opinion ruling against Appellant and withdraw its opinion and issue a new opinion granting him relief.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests the court to reconsider its opinion of April 9,2015 and prays the court to withdraw its opinion and submit a new opinion in favor of Appellant.

Respectfully submitted,

RICHARD A. HENDERSON P.C.
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
Telephone: 817-332-9602
Facsimile: 817-335-3940
richard@rahenderson.com

Richard A. Henderson
State Bar No. 09427100

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Motion for Rehearing has been electronically served on opposing counsel, Ms. Debra A. Windsor, Assistant Criminal District Attorney, Post-Conviction, Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196, via the State's e-mail address, coappellatealerts@tarrantcounty.com and mailed, U.S. Regular Mail to Appellant, Patrick Bond, TDCJ,#1979158, Joe F. Gurney Unit,1358 FM 3328, Palestine, TX 75803 on this the 23rd day of April 2015.

Richard A. Henderson

# APPENDIX "C"
# ORDER ON MOTION FOR REHEARING



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00314-CR

PATRICK BOND                                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1324387D

------------

## ORDER

------------

We have considered "Appellant's Motion for Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of April 9, 2015, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

DATED April 30, 2015.

PER CURIAM

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.